The Honorable John H. Dawson State Representative P.O. Box 336 Camden, AR 71701
Dear Representative Dawson:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA") which is codified at A.C.A. 25-19-101 et seq. You have asked, specifically, whether a circuit clerk is required to respond to a [an] FOIA request for a public record from an inmate who is incarcerated at a unit of the Arkansas Department of Correction.
It is my opinion that the answer to this question is no.
A.C.A. 25-19-105 (Supp. 1987) states in pertinent part as follows:
 (a) Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.
. . .
 (d) Reasonable access to public records and reasonable comforts and facilities for the full exercise of the right to inspect and copy public records shall not be denied to any citizen.
 (e) If a public record is in active use or storage and, therefore, not available at the time a citizen asks to examine it, the custodian shall certify this fact in writing to the applicant and set a date and hour within three (3) days, at which time the record will be available for the exercise of the right given by this chapter.
While the language of the Act is not explicit, it appears to contemplate that a request for a public record must be made in person. This interpretation is also noted in Watkins, Access to Public Records under the Arkansas Freedom of Information Act, 37 Ark. L. Rev. 741, 828 (1984).
The Arkansas Supreme Court has stated that the Freedom of Information Act is to be interpreted in such a way as to favor the public. Laman v. McCord, 245 Ark. 401, 432 S.W.2d 753 (1968). I believe this interpretation to be consistent with the Court's mandate.
Like the FOIA itself, this provision is as much a sword as it is a shield. A requirement that requests for records be made in person will insulate the custodial of the record from responding to burdensome requests for records and copies of records tasks which would otherwise be performed by the requestor. However, a requestor is equally served in that he has access to actual documents and may select the records he wishes to copy. Requested records could, otherwise, potentially be omitted without the knowledge or consent of the requestor.
It should also be noted that the Act would not appear to prevent a custodian of the record from responding to mail and telephone requests for records, or in-person requests made on behalf of third parties.
It is therefore my opinion, in response to your specific question, that a request for records under the Freedom of Information Act must be made in person in order to be granted in accordance with the Act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.